United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAY TRIPP, et al.,

Plaintiffs,

v.

CROSSMARK, INC., et al.,

Defendants.

Case No. 13-cv-03480-WHO
Consolidated with Case No. 14-cv-4461-WHO

**ORDER GRANTING PRELIMINARY APPROVAL**

Re: Dkt. No. 44

The Motion for Preliminary Approval of Class Settlement, filed by Plaintiffs Clay Tripp, Karen Solberg and Gayle Smith ("Plaintiffs") was heard in Courtroom 12, the Honorable William H. Orrick presiding. All parties appeared by counsel of record.

Having received and considered the Plaintiffs' motion, the Declarations of Eric A. Grover and Shawn C. Westrick, the Settlement Agreement and Release (the "Settlement Agreement"), the proposed Settlement Class Notice and Claim Forms, and the arguments of counsel presented to the Court at the hearing of this motion, and with GOOD CAUSE APPEARING, the Court hereby rules as follows:

1. The Court GRANTS Plaintiffs' Motion for Preliminary Approval of Class Settlement.

2. The Court GRANTS preliminary approval of the terms and conditions contained in the Settlement Agreement. The Court finds that the terms of the Settlement Agreement are within the range of possible approval at the final approval hearing. Unless otherwise provided in this Order, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement.

3. The Court FINDS that the following two classes should be preliminarily certified for settlement purposes only:

   a. "Settlement Class 1 (Hourly Class) Members" or "Settlement Class 1 Members" means all hourly California employees of Defendants who worked in one or more of approximately 34 job codes covering the data collector, event specialist and retail representative job positions between June 4, 2009 and October 31, 2014, inclusive"; and

   b. "Settlement Class 2 (Labor Code Section 212 Paycheck Class) Members" or "Settlement Class 2 Members" means all California employees of Defendants who worked at any time between June 4, 2009 and March 25, 2013, inclusive, and who received at least one physical paycheck."

4. The Court FINDS that, for the purposes of approving this settlement, the proposed settlement Class meets the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Classes are ascertainable and so numerous that joinder of all members of each Class is impracticable; (b) there are questions of law or fact common to the proposed Class Members; (c) the claims of the named Plaintiffs are typical of the claims of the members of the proposed Classes and the named Plaintiffs are representative of the proposed Classes; (d) Plaintiffs' Counsel Keller Grover LLP and Kawahito, Shraga & Westrick will fairly and adequately protect the interests of the proposed Classes; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy.

5. The Court APPOINTS as Class Counsel Keller Grover LLP and Kawahito, Shraga & Westrick.

6. The Court APPROVES Plaintiffs Clay Tripp, Karen Solberg and Gayle Smith as Settlement Class Representatives.

7. The Court APPROVES CPT Group as Claims Administrator for the purpose of this settlement. CPT Group is required to submit admissible evidence to support its request for payment in connection with the Final Approval Hearing;

8. The Court APPROVES the Settlement Class Notice, Claim Forms and mailing envelope – as edited – attached hereto as **Exhibits 1, 2-A, 2-B, 2-C** and **3**, respectively. The Court finds that the notice procedure set forth in the Settlement Agreement, which includes the U.S. mail distribution of the Settlement Class Notice and Claim Forms and publication of the Settlement Website, constitute the best notice practicable under the circumstances and is in full compliance with the laws of the United States and the requirements of due process. The Court further finds that the Settlement Class Notice and Claim Forms – as edited – fully and accurately inform Class Members of all material elements of the Settlement Agreement, of each Class Member's right to submit a claim, of each Class Member's right to be excluded from the settlement, and of each Class Member's right and opportunity to object to the settlement. The scope of release on the Class Notice has been edited, consistent with the parties' agreement. Defendant shall provide the Class List to the Claims Administrator no later than 30 days from the date of this Order and the Claims Administrator shall send the Class Notice via first class mail to the most recent known address of each Class Member with the appropriate Claim Form no later than 45 days from the date of this Order.

9. The Claims Administrator shall publish the Settlement Website on the Internet at the URL www.CROSSMARKwagesettlement.com (or a similar one if that name is not available) and establish a toll-free phone number for Settlement Class Members to call to answer questions regarding their claims no later than 45 days from the date of this Order. The Settlement Website shall provide, free of charge, a viewable, printable and downloadable copy, in PDF file format, of each of the following documents: the Settlement Agreement; the complaint

United States District Court
Northern District of California

and answer in the First Action and the Second Action; the Court's order preliminarily approving the settlement; the motions for final approval of the settlement and fees, costs, service award/general release payments and Claims Administrator's fees. If feasible, the Settlement Website shall also allow for electronic submission of Claim Forms.

10. The Claims Administrator shall take all other actions in furtherance of obtaining correct mail address information for settlement Class Members, determination of Class Member payment amounts, receiving and processing Class Member challenges, opt-outs, and objections, and other claims administration functions, as are specified in the Settlement Agreement.

11. Class Members who wish to participate in the settlement shall have 60 days from the date the Settlement Class Notice and Claim Form are first mailed by the Claims Administrator the completely fill out, sign and postmark the appropriate Claim Form in the manner provided for in the Settlement Agreement.

12. The Court APPROVES the proposed procedure for the Class Members to submit a request for exclusion from the settlement. Any Class Member requesting exclusion from the settlement must mail a signed request for exclusion to the Claims Administrator so that it is postmarked no later than 60 days from the date the Settlement Class Notice and Claim Forms are first mailed by the Claims Administrator. Any Class Member who submits a valid and timely request for exclusion shall no longer be a member of the Class, shall be barred from participating in or objecting to this settlement, and shall receive no benefit from this settlement.

13. The Court further ORDERS that, as provided for in the Settlement Agreement and pursuant to Federal Rule of Civil Procedure 23(e)(5), each Class Member shall be given a full opportunity to object to the settlement, the plan of distribution, and the requests for attorneys' fees, costs and the Settlement Class Representatives' service award/general release payments. As explained in the

United States District Court
Northern District of California

Settlement Class Notice, any Class Member seeking to object to the settlement shall submit that objection to the Claims Administrator and to the Court in writing no later than 60 calendar days after the date on which the Class Notice is first mailed. If objections have been received by the Claims Administrator or Class Counsel that have not been filed directly with the Court, Class Counsel shall provide copies of those objections as part of the final approval submission. Should any party wish to file a written response to any written objection submitted by a Class Member, that response shall be filed at least 10 calendar days prior to the Final Approval Hearing.

14. The Court preliminarily APPROVES the proposed settlement of the California Labor Code section 2698, *et seq.* claims alleged in the Lawsuit and the allocation of $15,000 to settle those claims. Should final approval be granted, of that amount, and in accordance with California Labor Code section 2699(i), 75%, or $11,250, shall be paid to the State of California Labor and Workforce Development Agency and the remaining 25%, or $3,750, shall be allocated to the Net Settlement Fund and distributed in accordance with the terms of the Settlement Agreement.

15. Class Counsel shall file a motion for approval of reasonable attorneys' fees, costs, and litigation expenses and a motion for approval of the service award/general release payments for Settlement Class Representatives Tripp, Solberg and Smith no later than 15 days after the Notice Date.

16. If the motion for final approval of the settlement will be unopposed, the motion and all supporting papers may be filed 14 calendar days before the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued without further notice to the Class.

17. The Final Approval Hearing is scheduled for May 27, 2015 at 2:00 p.m. in Courtroom 2 of this Court, at which time the Court shall finally determine

United States District Court
Northern District of California

whether the settlement is fair, reasonable and adequate. The date and time selected for the hearing must appear in the Settlement Class Notice.

18. Except as provided herein and as necessary to effectuate the Settlement Agreement, the action is hereby stayed in its entirety and all currently calendared events are hereby vacated unless and until the Court renders a final decision on approval of the Class Settlement.

**IT IS SO ORDERED**.

Dated: January 26, 2015



WILLIAM H. ORRICK
United States District Judge